

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00187-CR

_____


MELROY LYNN ANDERSON, JR., Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 354th Judicial District Court
Hunt County, Texas
Trial Court No. 25,165



Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Melroy Lynn Anderson, Jr., was convicted by a jury of possessing cocaine, in an amount of four or more but less than 200 grams, and was sentenced to ten years' incarceration. Anderson challenges only the legal sufficiency of the evidence supporting his conviction. We affirm the judgment of the trial court.

## I. Facts

Anderson agreed to drive George Washington Sharper and Markus Ladane Stephenson from Greenville, Texas, to Commerce, Texas, using his sister-in-law's maroon Buick Alero. After Anderson pulled into an apartment complex, Sharper and Stephenson exited the vehicle and robbed Terrance "Boo" Pitts and Erica Pitts at gunpoint. Stolen items included 25.23 grams of crack cocaine, eight pairs of "Nike-brand Jordan shoes," and three bejeweled rings. After the robbery, Sharper and Stephenson met Anderson in the parking lot, and both jumped in the back seat while Anderson drove away.

Responding to a radio broadcast describing Anderson's vehicle, Commerce Police Officer Neil Johnson drove to the suspected location, spotted Anderson travelling at a high rate of speed in a vehicle matching the broadcast description, and conducted a felony traffic stop. After Anderson, Sharper, and Stephenson were detained, Johnson searched the car. A ".380 caliber pistol was located under the front driver's side seat," a ".22 caliber pistol was located under the rear passenger seat," and "a bag containing at least 11 individual baggies" of crack cocaine was

2

spotted on the rear passenger side floorboard in plain view. Nike shoes taken during the robbery were found in a black "duffle-style" bag, and the Pittses' rings were found in Stephenson's possession.

In his initial interview with lead investigator Chris Bryan Vaughan, Sharper claimed that he did not know Anderson. Sharper knew Terrance was a drug dealer. Sharper told Vaughan that while riding with Anderson, he and Stephenson concocted a plan in which they would pretend to buy drugs from Terrance, and would then rob Terrance of the drugs when the opportunity arose. After the robbery, Sharper stated Stephenson was counting the stolen crack cocaine in the back seat while Anderson drove. Sharper claimed that Anderson was a drug user and knew what was going on.

At trial, Sharper claimed Anderson "was just giving us a ride. He didn't know what was going on." Sharper testified, "[W]e got to Commerce and we went to some apartments and told [Anderson] we was just going to see some friends but it really wasn't and we robbed somebody." Stephenson also claimed that he possessed the drugs and that Anderson had no involvement with the robbery or drug possession. Stephenson did admit that he began counting the drugs in the car while Anderson was driving.

Anderson testified in his defense. He claimed that his cousin asked him to give Sharper and Stephenson a ride to "pick up some money." He averred that he did not know Sharper or Stephenson, was unaware of the plan to rob Terrance, and was unaware of the drugs placed in the

3

car.

At the conclusion of the evidence, the jury found Anderson guilty of possessing the cocaine.

## II.      Standard of Review

In evaluating legal sufficiency, we review all the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements of possession of four or more but less than 200 grams of cocaine beyond a reasonable doubt.[1] *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd) (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)).   Our rigorous legal sufficiency review focuses on the quality of the evidence presented.   *Brooks*, 323 S.W.3d at 917 (Cochran, J., concurring).   We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."   *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge.   *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App.

---

[1]Anderson does not challenge that the amount of cocaine was four or more but less than 200 grams.

1997). "To prove unlawful possession of a controlled substance, the State must prove that: (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband."[2] TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (d) (Vernon 2010); *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005).

Anderson's mere presence in the vicinity of the cocaine found is insufficient to show knowing possession of it. *Evans v. State*, 202 S.W.3d 158, 161–62 (Tex. Crim. App. 2006). When combined with other direct or circumstantial evidence, however, his proximity may be sufficient to establish beyond a reasonable doubt possession of the cocaine. *Id*. Where, as here, Anderson was not in exclusive possession of the vehicle where the cocaine was found, additional independent facts and circumstances must be developed in order to raise a reasonable inference of his knowledge and control of the contraband. *Poindexter*, 153 S.W.3d at 406. This rule protects an innocent bystander from conviction merely because of proximity to someone else's drugs. *Evans*, 202 S.W.3d at 161–62.

The evidence linking Anderson to the cocaine "must establish, to the requisite level of confidence, that [Anderson's] connection with the drug was more than just fortuitous." *Poindexter*, 153 S.W.3d at 405–06. The following is a nonexclusive list of links that have been found to be sufficient, either singly or in combination, to establish a person's possession of contraband: (1) the defendant's presence when a search is conducted; (2) whether the contraband

---

[2]Possession is defined as "actual care, custody, control, or management." TEX. PENAL CODE ANN. § 1.07(a)(39) (Vernon Supp. 2010).

was in plain view; (3) whether the contraband was in close proximity to, or accessible by, the defendant; (4) whether the place where the contraband was found was enclosed; (5) whether the defendant was under the influence of narcotics when arrested; (6) whether the defendant possessed other contraband or narcotics when arrested; (7) whether the defendant made incriminating statements when arrested; (8) whether the defendant attempted to flee; (9) whether the defendant made furtive gestures; (10) whether there was an odor of contraband present at the scene; (11) whether other contraband or drug paraphernalia were present; (12) whether the defendant owned or had a right to possess the place where the contraband was found; (13) whether the defendant was found with a large amount of cash; (14) whether the defendant possessed weapons; and (15) whether conduct of the defendant indicated a consciousness of guilt. *Evans*, 202 S.W.3d at 162 n.12; *Hargrove v. State*, 211 S.W.3d 379, 385–86 (Tex. App.—San Antonio 2006, pet. ref'd). The number of links is not dispositive; rather, we look to the "logical force of all of the evidence, direct and circumstantial." *Evans*, 202 S.W.3d at 162.

## III. Legally Sufficient Evidence Supported Anderson's Conviction

Anderson was present when the search was conducted; Johnson testified the cocaine was in plain view; it is possible the drugs were accessible by Anderson even though they were found on the rear passenger side floorboard; and the drugs were found in the Alero, an enclosed space. Additionally, a gun believed to be used in the robbery was present.[3] Another gun was found

---

[3] "'Contraband' means property of any nature, including real, personal, tangible, or intangible, that is: (A) used in the commission of: (i) any first or second degree felony under the Penal Code." TEX. CODE CRIM. PROC. ANN.

6

under the front driver's side seat, and both Sharper and Stephenson testified that Sharper did not have a gun on the day of the robbery. Anderson was driving his cousin's vehicle, which indicated he had a right to temporarily possess the vehicle where the cocaine was found. *See Menchaca v. State*, 901 S.W.2d 640, 652 (Tex. App.—El Paso 1995, pet. ref'd) (holding appellant's control over borrowed vehicle raised inference he knew of drugs in vehicle).

There was no evidence indicating Anderson was under the influence of narcotics when arrested, that he possessed other contraband or narcotics when arrested, made incriminating statements when arrested, attempted to flee, or made furtive gestures. Additionally, there was no testimony of an odor of contraband present at the scene, no indication that Anderson possessed a large amount of cash, and no allegation that Anderson indicated a consciousness of guilt.

The jury also heard testimony that Anderson became aware of the plot to steal the drugs and that he was a drug user. A juror could reasonably infer that Anderson drove the other two to the house knowing theft of drugs would occur and that Anderson expected to receive a portion of the drugs for his efforts; such evidence provides an additional link between Anderson and the stolen contraband. *See Williams v. State*, 309 S.W.3d 124, 129 (Tex. App.—Texarkana 2010, pet. ref'd) (knowing that drugs were placed in vehicle under defendant's control while he had sufficient time to terminate that possession, but failed to do so, could result in defendant being a

---

art. 59.01(2)(B)(i) (Vernon Supp. 2010). The aggravated robbery committed by Sharper and Stephenson was a first degree felony. TEX. PENAL CODE ANN. § 29.03(b) (Vernon 2003).

7

joint possessor).

Again, the number of links is not dispositive. We find that the logical force of all of the evidence indicates more than mere presence in the vicinity where the crack cocaine was found.

Control over contraband need not be exclusive, but can be jointly exercised by more than one person. *McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985); *Martinez v. State*, 880 S.W.2d 72, 77 (Tex. App.—Texarkana 1994, no pet.). The jury was the judge of credibility in this case. As such, the jury was free to believe statements in Sharper's initial interview with Vaughan that Anderson was a drug user and knew what was going on. The jury could have regarded Stephenson's statement at trial that he was counting the drugs while Anderson drove as evidence that Anderson knew the matter possessed was contraband. With the links analysis, when viewed in a light most favorable to the verdict, we find that a rational jury could have found unlawful possession of a controlled substance beyond a reasonable doubt.

## IV. Conclusion

We affirm the trial court's judgment.


Jack Carter
Justice


Date Submitted:    January 24, 2011
Date Decided:      February 3, 2011

Do Not Publish